United States District Court
Southern District of Texas

**ENTERED**

June 05, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AARON BERNARD POOLE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-1724 |
| | § | |
| ERIC GUERRERO, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Petitioner Aaron Bernard Poole's petition for a writ of habeas corpus and Respondent Eric Guerrero's Motion to Dismiss. Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the relevant record, the Court is of the opinion that Poole's petition should be dismissed as moot.

## I.   Background

In 2015, Poole pled guilty in the 178th District Court of Harris County, Texas of assault and being a felon in possession of a firearm. He received two concurrent ten year terms of imprisonment. Docket Entry Nos. 10-1 at 131, 10-3 at 131.

Poole was released to mandatory supervision on January 5, 2021. Docket Entry No. 10-3 at 59-60. Had Pool successfully completed his mandatory supervision, his sentences would have discharged on June 30, 2024. Id. at 60. Poole, however, was arrested on a pre-revocation warrant on January 20, 2022. Id. Whether Poole would receive credit for the one year and 15 days he spent on mandatory supervision depended on whether his mandatory supervision was revoked. Id. at 61-62. Because he was being held on new charges, the revocation decision would not be made until Poole's pending charges were adjudicated. Id. at 70.

In 2025, Poole was convicted of manufacture or delivery of a controlled substance, and unlawful possession of a firearm by a felon, with two enhancements. Poole was sentenced to 30-years imprisonment on those charges. Exh. A to Motion to Dismiss (Docket Entry No. 12).

In August, 2024, Poole filed state habeas corpus applications challenging his detention past the discharge date of his 2015 sentences. Docket Entries 10-1 at 22, 24; 10-3 at 22, 24, 59-60. The Texas Court of Criminal Appeals denied the applications. Docket Entries 10-2; 10-4.

On March 7, 2025, Poole filed this federal habeas petition.

2

On July 1, 2025, while this federal petition was pending, Poole was convicted on the pending charges.  His mandatory supervision was revoked on July 10, 2025, and he forfeited the one year and 15 days he spent on mandatory supervision.  Motion to Dismiss, Exh. B.  That forfeiture reset the discharge date on his 2015 convictions to July 14, 2025.  Id.

On October 20, 2025, the respondent filed a motion to dismiss the petition as moot. Poole has not responded to the motion.

## II.  **Analysis**

Poole raises several claims pertaining to his detention on the pre-revocation warrant.  As noted above, after Poole filed this petition, his 2015 sentences discharged; he is now in custody on his 2025 convictions.  His detention on the pre-revocation warrant was in connection with the 2015 convictions. Because those sentences have discharged and Poole's mandatory supervision was revoked, he is no longer in custody on the pre-revocation warrant, and this Court cannot order him released from that custody.

"Under Article III of the Constitution this Court may only adjudicate actual, ongoing controversies."  Honig v. Doe, 484 U.S. 305, 317 (1988).  "Mootness has two aspects: 'when the

3

issues presented are no longer live" or the parties lack a legally cognizable interest in the outcome.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496(1969)).  "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot. With the designation of mootness comes the concomitant designation of non-justiciability." American Med. Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir. 1988)(citations omitted).

Because the custody challenged in the petition has discharged, and the petitioner is no longer in custody pursuant to the pre-revocation warrant, this case is moot.

### III. **Conclusion**

For the foregoing reasons, the Respondent's Motion to Dismiss (Docket Entry No. 12) is **GRANTED**, and Poole's Petition for a Writ of Habeas Corpus  (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

### IV.  **Certificate of Appealability**

Poole has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly

4

lawful for district court's [sic] to deny COA sua sponte. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1988); see also Hill v. Johnson, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the

issues are suitable enough to deserve encouragement to proceed further." Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court denies a habeas petition on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This Court has carefully considered Poole's petition. The Court finds that reasonable jurists would not find it debatable that Poole's claims are moot. Poole thus fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court therefore concludes that Poole is not entitled to a certificate of appealability.

6

**V.    Order**

For the foregoing reasons, the Petition is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE**.    No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Order.

**SIGNED** at Houston, Texas, on this the _5th_ day of June, 2026.

---

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

7